## PROCEDURE BY A WIDOW.

### Circuit Court of Summit County.

### H. H. HENRY, EXECUTOR, v. DAYTON A. DOYLE ET AL.*

### Decided, April Term, 1909.

*Suit on Administrator's Bond, by Distributee—Amount Due Must First be Liquidated.*

A suit can not be brought on an administrator's bond by a widow to recover her share of the personal estate of her deceased husband, until her claim has been liquidated in either the probate or common pleas court, pursuant to Revised Statutes, Sections 6195 to 6200 inclusive.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The sole question presented by the record in this case is whether a suit on an administrator's bond, by a widow, to recover her share of the personal estate of her deceased husband, may be brought by her under the favor of Section 6211, Revised Statutes, after the probate court has ordered the estate to be distributed according to law, as provided in Section 6187, or whether she must first have her claim liquidated in either the probate or common pleas court pursuant to Sections 6195 to 6200, inclusive. The precise question here involved does not appear to have been adjudicated by the Supreme Court. Rockel in his excellent work on Probate Practice, 266, 267, states that the latter course is necessary; Bates and Whittaker entertain a contrary view. We think Rockel is right. The question is so fully discussed in briefs of counsel that further statement is unnecessary. The common pleas court having come to a like conclusion, its judgment is affirmed.

* Affirmed, *Henry, Executor*, v. *Doyle, Executor*, 82 Ohio State, 113.